

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| SUSAN NGUYEN, | ) ) | CASE NO. 11-38125-H3-13 |
| Debtor, | ) ) ) | |

## MEMORANDUM OPINION

The court has held a hearing on the "Motion for Relief from Automatic Stay and Co-Debtor Stay to Permit Eviction to Continue Regarding Real Property Located at 7222 Wooded Lake Lane, Richmond, Texas" (Docket No. 11) filed by Federal Home Loan Mortgage Corporation ("Movant"). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Susan Nguyen ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on September 27, 2011.

On February 1, 2011, at a foreclosure sale conducted by a substitute trustee, Debtor's ownership interest in real property located at 7222 Wooded Lake Lane, Richmond, Texas was sold to Movant. Movant recorded the substitute trustee's deed in

the real property records of Fort Bend County, Texas, on February 7, 2011. (Movant's Exhibit A).

In Adversary Proceeding No. 11-3596, Debtor contends that the foreclosure sale was wrongful, asserting, inter alia, that the entity which appointed the substitute trustee lacked authority to appoint a substitute trustee.

At the hearing on the instant motion, Movant offered into evidence certified copies of the deed of trust and the substitute trustee's deed. Neither Movant nor Debtor presented other evidence.

## Conclusions of Law

Under Section 362(d)(1) of the Bankruptcy Code, the court shall grant relief, such as by terminating, annulling, modifying, or conditioning the stay, for cause. Cause is not defined in the Code, and must be determined on a case by case basis based on an examination of the totality of circumstances. In re Reitnauer, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); In re Mendoza, 111 F.3d 1264 (5th Cir. 1997).

The party requesting relief has the burden of proof on the issue of the debtor's equity in the property. The party opposing relief has the burden of proof on all other issues. 11 U.S.C. § 362(g).

In the instant case, Debtor has made no offer of adequate protection, and there is no evidence that she has any

2

ability to provide adequate protection of Movant's interest in the property.  The court concludes that Debtor has not met her burden of proof on the question of cause for lifting of the stay.

Based on the foregoing, a separate Judgment will be entered granting the "Motion for Relief from Automatic Stay and Co-Debtor Stay to Permit Eviction to Continue Regarding Real Property Located at 7222 Wooded Lake Lane, Richmond, Texas" (Docket No. 11) filed by Federal Home Loan Mortgage Corporation.

Signed at Houston, Texas on November 22, 2011.


_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE